IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYREECE HOWARD, Agent;<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW MELLOR, Judge; FOURSIGHT CAPITAL LLC, NEBRASKA AUTO RECOVERY, and DILLONS AUTO,<br><br>Defendants. | 4:25CV3056<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 8. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff files his complaint contending, it appears, that he believes that an attachment of his vehicle violated his personal and legal rights in violation of UCC-1; his due process rights; basic consumer rights protected by the U.S. Constitution; powers and duties of the bank; right to choose; right to education; violation of U.S.C. § 3-608; right to redress; violation of 12 U.S.C. § 1431; malfeasance in office; 18 U.S.C. §§ 242 and 243; 42 U.S.C. § 1986; 15 U.S.C. § 1605 and 1615. Filing No. 1.

Plaintiff contends that:

On September 6, 2024, Foursight in conjunction with Nebraska Auto Recovery breached the peace by reckless endangerment, trespassing on private property, attempted kidnapping of the minor principal, breaking and attempting to enter the principal's home, violating the principal['s] constitutional rights.

Filing No. 1 at 4. There are no allegations specifically against the remaining defendants.

1

Plaintiff is a citizen of Nebraska. Defendant Judge Mellor is a resident of Lincoln, Nebraska, and a District Court Judge in Lincoln. Foursight Capital is a resident of Salt Lake City, Utah. Nebraska Auto Recovery is a resident of Nebraska. Dillon's Auto is a resident of Lincoln, Nebraska.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court has liberally reviewed the Complaint. The Court finds no way to allow this Complaint to proceed. Plaintiff alleges almost entirely conclusions. He does not allege sufficient facts to support these conclusions. As his Complaint is written, it offers no claim upon which the Court could grant relief. Further, Plaintiff lists no relationship to the inclusion of Judge Matthew Mellor in this lawsuit. It is likely that Judge Mellor has judicial immunity, although the Court is not ruling on that issue at this time. Again, even the conclusory allegations do not include any facts with regard to Dillon's Auto.

### IV. CONCLUSION

For these reasons, the Court will give the Plaintiff 30 days from the date of this Memorandum and Order to file an Amended Complaint that complies with the issues stated in the Discussion section herein. Failure to do so will require the Court to summarily dismiss this case. The **Clerk of Court** shall set a case management deadline for 30 days from the date of this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 6th day of January, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge